UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

```
STEPHEN L. GOINS,              :
        Plaintiff,              :
                                :          PRISONER
     v.                         :   CASE NO. 3:11-cv-1491 (AWT)
                                :
JEFFREY McGILL, et al.,         :
        Defendants.             :
```

## INITIAL REVIEW ORDER

Plaintiff Stephen L. Goins, incarcerated and *pro se*, has filed a complaint under 42 U.S.C. § 1983 (2000). The named defendants are Jeffrey McGill; Neftalie Rodriguez; Angel Quiros; David Butkiewicus; Dennis Marinelli; Lieutenant McCormick; Correctional Officers Donovan, Sokolowski, Daire, Stewart and Brown; Patrick Ward and Michael Lajoie. All defendants are named in their individual capacities only.

Under 28 U.S.C. § 1915A (2000), the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id*.

Under the Federal Rules of Civil Procedure and Second Circuit precedent, a *pro se* complaint is adequately pled if its allegations, liberally construed, could "conceivably give rise to a viable claim." *Phillips v. Girdich*, 408 F.3d 124, 130 (2d Cir.

2005). The court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007)). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. But "'[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007)).

    The plaintiff alleges that the incidents underlying this action occurred while he was confined at Northern Correctional Institution. The plaintiff alleges that, on June 15, 2009, defendants Daire, Donovan, Brown, McCormick and Marinelli used excessive force against him while defendants Brown, Sokolowski, Stewart and Butkiewicus stood by and failed to intervene. He also alleges that defendants McGill and Rodriguez ordered that he recreate in handcuffs and shackles for one week, further injuring

his right hand, and that the defendants conspired to falsify their reports of the incident.

After review of the complaint, the court concludes that the allegations warrant service of the complaint and an opportunity for the plaintiff to address the defendants' response to the his Eighth and Fourteenth Amendment claims.

### Orders

The court enters the following orders:

(1)  **The Pro Se Prisoner Litigation Office shall** verify the current work address for each defendant, mail waiver of service of process request packets to each defendant in his or her individual capacity within fourteen (14) days of this Order, and report to the court on the status of those waiver requests on the thirty-fifth (35) day after mailing.  If any defendant fails to return the waiver request, the Pro Se Prisoner Litigation Office shall make arrangements for in-person service by the U.S. Marshal Service on the defendant in his or her individual capacity and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(2)  **The Pro Se Prisoner Litigation Office shall** send a courtesy copy of the Complaint and this Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

(3)  **The Pro Se Prisoner Litigation Office shall** send written notice to the plaintiff of the status of this action,

along with a copy of this Order.

(4) **The defendants shall** file their response to the complaint, either an answer or motion to dismiss, within **seventy (70) days** from the date of this Order. If they choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims. They also may include any and all additional defenses permitted by the Federal Rules.

(5) Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this Order. Discovery requests need not be filed with the court.

(6) All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this Order.

(7) Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

It is so ordered.

Dated this 10th day of November 2011, at Hartford, Connecticut.

                                    /s/AWT
                            Alvin W. Thompson
                            United States District Judge